■ MELVIN GINSBERG, Respondent, v PRINTERS LEAGUE-GRAPHIC ARTS INTERNATIONAL UNION, LOCAL 119B NEW YORK PENSION FUND, Appellant.—Order and judgment, Supreme Court, New York County, entered May 13, 1976, granting plaintiff's motion for summary judgment and declaring that he is entitled to deferred pension benefits, unanimously affirmed, with $60

costs and disbursements to respondent. The issue here is whether plaintiff, employed by M & M Bindery Corp. (of which he is a 50% stockholder) as its president, has returned to employment in the industry in classifications covered by agreements between the union and contributing employers. Study of the record reveals that plaintiff was not employed by the said corporation to perform bookbinding, operation of bookbinding machinery and packing, but that he performed casual work in those classifications incidental to his position as chief executive officer of the corporation. Under these circumstances and on the record herein, it is concluded that plaintiff was not, under any rational construction of the terms of the pension trust fund, employed in the industry in a covered classification when he assumed the presidency of M & M Bindery, Inc. Concur—Lupiano, J. P., Capozzoli, Lane, Nunez and Lynch, JJ.